The State ex rel. Allen v. Vaughan.

---

THE STATE *ex rel.* ALLEN v. VAUGHAN, *Appellant.*

1. Corporations: SCHOOLS: BRIDGETON ACADEMY. The "Bridgeton Academy," created by the act of February 12, 1864 (Acts, 1863-4, p. 650), is one of the common schools of the state, designed to carry out in part the public school system of the state, and is a public corporation.

2. ———: ———: ———: POWER OF TRUSTEES TO LEVY SCHOOL TAX. The academy had conferred upon it, by the act creating it, all the public school funds going to the town and the district of country known as the commons, which had been attached to the town for school purposes prior to the passage of the act, and the board of

trustees have authority to levy a tax upon the lands in, the commons for the support of the academy, and such tax levied for 1882 would not be invalidated by reason of the fact that none had been levied since 1876, the school having been kept in operation during the whole time.

3. ———— : ———— : ————. The authority given by the charter to collect a small fee from the children of the town and commons, when the public funds are insufficient to support the school, does not make the corporation a private one.

4. ———— : ———— : ———— : REPEAL. The special act incorporating the academy has not been repealed by subsequent legislation. The legislature has left it to the people to organize under the general law, if they so desire, or remain under their special charters.

*Appeal from St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*Jas. A. Henderson* for appellant.

(1) Bridgeton Academy is a private corporation and the act of March 16, 1870, authorizing the board of trustees of the town of Bridgeton to levy a tax for its support is in contravention of section 3, article 10, of the constitution of the state, which says : "Taxes may be levied and collected for public purposes only." *Allen v. McKeen,* 1 Sumner, 314 ; *College v. Woodward,* 4 Wheat. 518 ; *Cleveland v. Stewart,* 3 Georgia, 283 ; *Perryman v. Bethune,* 89 Mo. 159. (2) Bridgeton Academy, if not a private corporation, was a part and parcel of the common school system of the state at the time of the adoption of the constitution of 1865, and its charter has since been repealed. R. S. 1865, sec. 1, chap. 46 ; R. S. 1865, sec. 1, chap. 47 ; Laws, 1870, p. 127, secs. 1, 5, 6, 7, 8, 9, 10, 11, 12, 14 and 15 ; Laws, 1877, p. 407 ; *State ex rel. v. Dallas County,* 72 Mo. 330 ; *State ex rel. v. Matthews,* 94 Mo. 117 ; *State ex rel. v. Francis,* 89 Mo. 291.

The State ex rel. Allen v. Vaughan.

*John W. McElhinney* for respondent

(1) Bridgeton Academy is a public corporation. In it, the inhabitants of the town and commons are organized for the purpose of maintaining a public school. A public corporation is one formed for public purposes, and the whole interest in which belongs to the public, and not to private individuals as such. Such are incorporated school districts and many colleges and academies. 1 Dillon Municipal Corp. [3 Ed.] secs. 22, 24, 52, 53, 56 ; *College v. Woodward*, 4 Wheat. 518 ; *Dart v. Houston*, 22 Ga. 506, 529 ; *Cleveland v. Stewart*, 3 Ga. 283 ; *University v. Maultsby*, 8 Ired. Eq. 257, 263 ; *Trustees of University v. Winston*, 5 Stew. & Port. (Ala.) 17, 22 ; *Regents of University v. McConnell*, 5 Neb. 423, 427. (2) Even if the academy were regarded as, technically, a private corporation, the tax in question was levied for a "public purpose," and, therefore, not prohibited by the constitution. (3) The special school system of Bridgeton, under its charter and the amendment thereto, has not been repealed.

BLACK, J.—This is a suit by the collector of St. Louis county to recover school taxes levied for the years 1882 and 1883, upon the lands of the defendant lying in the commons adjacent to the town of Bridgeton in that county.

The agreed facts upon which the case was tried are these : The Bridgeton school, mentioned in the petition, and for the benefit of which the taxes were levied, is the "Bridgeton Academy," incorporated by the act of February 12, 1864. The taxes were duly and properly levied by the trustees of the town of Bridgeton, provided the said trustees had authority to levy the same for such purposes upon the lands described in the petition. Opposition was made in 1876, by the tax payers of Bridgeton and the Bridgeton commons, to the levy of

a tax for the support of the Bridgeton Academy on the ground that there was no authority for the levy of such tax, and no such tax was thereafter levied until the year 1882. The academy was however kept in operation during that time. Defendant's lands do not lie in the corporate limits of the town but in the commons adjacent thereto. It is conceded that if the board of trustees of the town of Bridgeton have authority to levy the taxes in question, then the judgment should be affirmed, and this is the only question presented by the record.

By the act of congress of March 13, 1812, certain outlots and commons were reserved for the support of schools. The legislature passed acts for the sale of these lands and the investment of the proceeds and the appropriation of the income to the support of schools. By the act of March 21, 1863 (Acts of 1863, p. 246), all the commons, with the inhabitants thereof, belonging to the corporation known as "The Inhabitants of the town of Bridgeton" were attached to the town for school purposes. By the second section, the inhabitants of the common lands have conferred upon them all the rights of the inhabitants of the town in educating their children at the public schools. The school funds belonging to the town and to the inhabitants of the commons are consolidated, and put under the management of the trustees of the town. The act says: "And the said inhabitants of said commons, and their property within the limits of said commons, shall no longer be under the jurisdiction and control of the trustees or directors of any other school district for school purposes."

The legislature, by the act of February 12, 1864 (Acts of 1863 and 1864, p. 650), created a corporation by the name of "The Trustees of the Bridgeton Academy," to be under the management of nine trustees, six of whom are to be residents of the town of Bridgeton, and

three residents of the commons. The act says: The trustees of the academy "are authorized to receive all the school moneys, township school moneys, and the county school moneys that may be due and coming to the inhabitants of the town of Bridgeton, or to the residents of the commons thereto attached." The eleventh section enacts: "In addition to the branches taught in the common schools of the state, the Latin language and the higher branches of mathematics shall be taught in said academy."

The act of March 16, 1870 (Acts of 1870, p. 167), amending the charter of the school, gives the trustees of the town of Bridgeton power " to levy a tax, not exceeding one per centum annually on all taxable property of the town of Bridgeton and the common lands attached to said town * * * for the support of Bridgeton Academy."

1. The point made that Bridgeton Academy is a private corporation, and, for that reason, taxes cannot be levied to support it, cannot be sustained. When the act creating the corporation was passed, the commons had been attached to the town for school purposes. The act, as a whole, shows clearly that the inhabitants of the town and of the commons are incorporated for school purposes. This case, in this respect, is unlike that of *Perryman v. Bethune*, 89 Mo. 159. The institute has conferred upon it all the public school funds going to the town and to the district of country known as the commons, and the children in both districts of country are alike entitled to the benefit of the school. It is one of the common schools of the state, and is designed to carry out in part the public school system of the state, and is a public corporation. 1 Dillon on Municipal Corp. [3 Ed.] sec. 22.

The tenth section of the charter enacts that the children of the town and commons " shall only be charged a small fee, not exceeding fifty cents per month,

when it is absolutely necessary to sustain, continue and operate said institution, provided, however, the children of those who are wholly unable to pay shall be educated free of all charge whatever." We suppose the tax, authorized by the act of 1870, was designed to take the place of this fee; but, be that as it may, the power to collect the fee when public funds are insufficient to support the school, does not make the corporation a private one.

2. The further claim is that the special act incorporating the academy has been repealed. No express repeal is claimed, but the contention is that the special act is repealed by force of general laws. Section 1 of chapter 46, and section 1 of chapter 47, Revised Statutes, 1865, recognize the continued existence of these schools organized under special acts. The same is true of section one of the act of March 21, 1870. Section 15 of that act relates to the board of education or school directors of any city, town, village or district, before that date organized under any general law, and has no application to these schools organized under special acts. The first section of the act of April 26, 1877 (Acts of 1877, p. 407), simply authorizes any city, town or village with the territory attached thereto, to organize into a single school district. There is nothing in the act showing any intention to repeal any special act. Section 7142, Revised Statutes, 1879, likewise provides that any city, town or village may, with the territory attached thereto, be organized into a single school district to be known as school district of ———. That section goes on to say : "And every city, town and village which has heretofore organized under any law of this state, as a board of education, shall hereafter be known and styled school district of ———," etc. The legislature, in speaking here of "a board of education," manifestly has reference to boards authorized to be formed under that name by prior general laws. No language is used which can,

by any fair interpretation, be said to include the "Trustees of the Bridgeton Academy." We have examined all the statutes to which our attention has been called, and, instead of disclosing any intention to repeal these special school charters, an intention is manifested not to interfere with them. The legislature has left it to the people to organize under the general law if they desire, or remain under these special charters.

The fact that no taxes were levied from 1876 to 1882 cannot change the result.

The judgment is affirmed. RAY, C. J., and BARCLAY, J., absent; the other judges concur.